

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BASKET ENTERTAINMENT, INC., a Delaware corporation; and<br><br>INDIGO VC, INC., a Delaware corporation;<br><br>    Plaintiffs,<br>v.<br><br>JOHN CHARLES BRAUN CANNATA, an individual;<br><br>R ADVERTISING & SALES LIMITED LIABILITY COMPANY, a Florida limited liability company;<br><br>MOBILE GAME ADVERTISING & MORE, LLC, a Wyoming limited liability company; and<br><br>DOES 1 through 3,<br><br>    Defendants. | Case No. 2:24-CV-627-SPC-KCD<br><br>Judge _____ |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Indigo VC, Inc. and Basket Entertainment, Inc., for their Complaint against Defendants John Charles Braun Cannata, R Advertising & Sales Limited Liability Company, Mobile Game Advertising & More, LLC, and John Does 1 through 3, allege as follows:

**PRELIMINARY STATEMENT**

1.   Plaintiffs bring this action seeking injunctive and monetary relief for Defendants' infringement of Plaintiffs' copyright in Plaintiffs' online video game called Untitled Gym Game.

2.   Untitled Gym Game was created and is played within the Roblox Platform, which is a digital world in which users can create virtual games and experiences and connect with other users. The Roblox platform includes a virtual currency called Robux, with which users can make in-game purchases.

3.   Within the Roblox Platform, third-party game developers can design games for users to play. Third-party game developers can earn money by offering items for sale within their games, and then redeeming the virtual currency for real currency.

4.   Untitled Gym Game is a third-party game played within the Roblox platform. Untitled Gym Game was created on or around September 7, 2023. Indigo VC, Inc. purchased a 95% stake in Untitled Gym Game on or around May 28, 2024. Indigo VC is owned and operated by Basket Entertainment, Inc. As a result, Indigo VC and Basket Entertainment are the direct and indirect owners, respectively, of all copyright rights in Untitled Gym Game. Since their purchase of Untitled Gym Game, Plaintiffs have published, advertised, and publicly displayed Untitled Gym Game by maintaining it as a third-party game available to play on the Roblox platform.

5.      Plaintiffs' claims are based on Defendants' distribution and public display of "Gym League," a third-party Roblox game that is copied from and substantially similar to Plaintiffs' Untitled Gym Game. Plaintiffs sue for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*

6.      Plaintiffs seek all remedies afforded by the Copyright Act, including permanent injunctive relief, Plaintiffs' damages and Defendants' profits from Defendants' infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this copyright infringement action under 28 U.S.C. § 1331.

8.      Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants reside and may be found in this district.

## PARTIES

9.      Plaintiff Basket Entertainment, Inc. is a corporation that is incorporated in Delaware and has its principal place of business in San Francisco, California.

10.     Plaintiff Indigo VC, Inc. ("Indigo VC") is a corporation that is incorporated in Delaware and has its principal place of business in San Francisco, California. Indigo VC is a wholly owned subsidiary of Basket Entertainment.

11. Plaintiffs Basket Entertainment and Indigo VC (collectively "Basket" or "Plaintiffs") acquire, own, maintain, and operate online and mobile application games on Roblox and other user-generated gaming platforms.

12. Defendant John Charles Braun Cannata ("Cannata") is an individual residing in Bonita Springs, Florida. On information and belief, Cannata, either directly or through RAS and Mobile (defined below), owns 10% of the Infringing Work.

13. R Advertising & Sales Limited Liability Company ("RAS") is a Florida limited liability company. Cannata is the Managing Member of RAS. Upon information and belief, Cannata is RAS's sole member.

14. Mobile Game Advertising & More, LLC ("Mobile") is a Wyoming limited liability company with its principal place of business in Florida. Cannata is the managing member of Mobile. Upon information and belief, Cannata owns 95% of Mobile's membership interests.

15. John Does 1 through 3 ("Does") are other unknown individuals or entities that share in the ownership of Gym League, Defendants' Infringing Work, and are also responsible for the infringement. On information and belief, Does 1 through 3 are the original developers of the Infringing Work, in which Cannata obtained his 10% interest, directly and/or through RAS and Mobile.

## FACTS

A. <u>Basket and Its Copyrighted Work</u>

16. Untitled Gym Game was created on or around September 7, 2023, and released on the Roblox platform. The original seller, who was the original owner of any and all copyright rights in Untitled Gym Game, then transferred a 95% stake in Untitled Gym Game, including all copyright rights, to Indigo VC, on or around May 28, 2024. Basket Entertainment, which wholly owns Indigo VC, caused the acquisition of Untitled Gym Game and continues to operate Untitled Gym Game.

17. Untitled Gym Game is wholly original, and Basket owns 95% of all right, title, and interest, including all rights under copyright, in Untitled Gym Game.

18. Basket is the owner of valid and subsisting United States Copyright Registration No. PA0002477778 for Untitled Gym Game, issued by the United States Copyright Office on June 13, 2024.

19. Untitled Gym Game is a virtual fitness game. In Untitled Gym Game, Roblox users enter a virtual gym and can "work out" by engaging in simulated strength training activities. For example, Roblox users can lift virtual weights, do virtual chin-ups, and run on a virtual treadmill. As players do virtual exercises over time, their game characters become "stronger" and have larger virtual muscles.

20. Basket has published and publicly displayed Untitled Gym Game by maintaining it on the Roblox platform. Untitled Gym Game has been a success and has been visited over 18 million times by Roblox users.

21. Untitled Gym Game is of significant value to Basket because Basket earns money from Roblox users' in-game purchases.

B. <u>Defendants' Infringing Conduct</u>

22. On information and belief, Defendants are engaged in creating online and mobile application games on Roblox and other user-generated gaming platforms.

23. On Roblox, Defendants have published and publicly displayed Gym League (the "Infringing Work"), which is substantially similar to Untitled Gym Game. The Infringing Work was released on Roblox on May 11, 2024, over eight months after Untitled Gym Game was released.

24. On information and belief, Defendants viewed Basket's Untitled Gym Game on Roblox and intentionally copied it to create the Infringing Work. Specifically, on information and belief, Does 1 through 3 developed the Infringing Work, and then sold Cannata, directly and/or through RAS and Mobile, a 10% stake in the Infringing Work. On information and belief, Defendants collectively continue to own and manage the Infringing Work, and to infringe Basket's copyright in Untitled Gym Game.

25. That Defendants copied Untitled Gym Game when they created the Infringing Work is evidenced by the striking similarities between Untitled Gym Game and the Infringing Work, which cannot possibly be explained other than as a result of copying. Defendants were able to access Untitled Gym Game because it is freely available to play on Roblox.

26. Defendants copied Untitled Gym Game without Plaintiffs' authorization, consent, or knowledge, and without any remuneration to Plaintiff.

27. The design of the Infringing Work is substantially similar to Untitled Gym Game. Like Untitled Gym Game, the Infringing Work is also a virtual fitness game. When users interact with the virtual weight-lifting machines, the Infringing Work uses the exact same game mechanics as Untitled Gym Game. To start, when a user interacts with a machine, both games display the user's current strength statistics and allow the player to add or remove different weight tiers.

28. Like Untitled Gym Game, the Infringing Work also has an "auto load" feature, with which users can automatically load a certain amount of weight onto the virtual weight machine. Untitled Gym Game and the Infringing Work are found within the same Roblox "genre," and there are no other games in the genre that use this particular "auto load" feature.

29. Like Untitled Gym Game, the Infringing Work also has a simpler strength training mechanic, as an alternative to progressing to higher weights, for

certain strength training machines. The Infringing Work uses the exact same mechanic for the exact same strength training machines as Untitled Gym Game.

30. Like Untitled Gym Game, the Infringing Work displays a "stamina bar" that is depleted as users train on the virtual machines. The Infringing Work's stamina bar uses the exact same mechanic and the exact same interface style as the stamina bar in Untitled Gym League, including a functionally identical "pump" meter, which gives users an additional temporary boost when the bar is full.

31. Like Untitled Gym Game, the Infringing Work also has a "click multiplier," which gives players a larger stat multiplier when they use the virtual machine faster or for a longer time.

32. The gym machines in the Infringing Work look nearly identical to the machines in Untitled Gym Game.





**Untitled Gym Game weight machines (left) vs. Infringing Work weight machines (right)**

33. Like Untitled Gym Game, the setting for the Infringing Work is an indoor gym and a beach gym, with a large wall showing a "leaderboard" of users who have the top in-game statistics.



**Untitled Gym Game setting (left) vs. Infringing Work setting (right)**

34. Since Defendants copied Untitled Gym Game to create the Infringing Work, the Infringing Work has been visited on Roblox over 120 million times.

35. Plaintiffs sent a DMCA to Roblox on June 13, 2024, but received no response. *See* Exhibit A.

36. As a result of Defendants' actions described above, Plaintiffs have been directly damaged, and continue to be damaged, by Defendants' unauthorized publication and public display of the Infringing Work. If Defendants had not published and displayed the Infringing Work, many of the Roblox users who visited the Infringing Work would have instead visited Untitled Gym Game, leading to increased profits and a larger user base for Plaintiffs. Defendants have never accounted to or otherwise paid Plaintiffs for their use of Untitled Gym Game and the infringement of its copyright.

37. Defendants' acts are causing and, unless restrained, will continue to cause, damage and irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law for the continuing harm.

## COUNT ONE
## Federal Copyright Infringement
## (17 U.S.C. § 501)

38. Plaintiff repeats and realleges paragraphs 1 through 37.

39. Untitled Gym Game is an original audiovisual work containing copyrightable subject matter for which copyright protection exists under the

Copyright Act, 17 U.S.C. § 101, *et. seq.* Plaintiffs are the owners of rights under copyright in and to Untitled Gym Game.

40. Through Defendants' conduct alleged here, including Defendants' publication and public display of the Infringing Work, which is copied from and substantially similar to Plaintiffs' Untitled Gym Game, without Plaintiffs' permission, Defendants have directly infringed Plaintiffs' rights in Untitled Gym Game in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

41. On information and belief, Defendant's infringing conduct alleged here was and continues to be willful and with full knowledge of Plaintiffs' rights in the Untitled Gym Game and has enabled Defendant illegally to obtain profit therefrom. The evidence described herein points to willful infringement.

42. As a direct and proximate result of Defendants' infringing conduct alleged here, Plaintiffs have been harmed and are entitled to damages in an amount to be proven at trial. Under 17 U.S.C. § 504(b), Plaintiffs are also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged here, including any and all profits from use of the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

43. Alternatively, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

44. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

45. As a direct and proximate result of the Defendants' infringing conduct alleged here, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law for the continuing harm. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe Untitled Gym Game. Plaintiffs therefore are entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct, and/or to injunctive relief requiring Defendants to transfer all ownership of and rights in the Infringing Work to Plaintiffs.

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1. That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual or constructive notice of the Court's order by personal service or otherwise, from:

  (a) Infringing or contributing to or participating in the infringement by others of the copyright in Untitled Gym Game;

  (b) Copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of Untitled Gym Game or the Infringing Work.

 3. That Defendants be required to transfer to Plaintiffs all ownership of and rights or property in, including all computer code, Roblox or other developer accounts, or other materials relating to the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them, under 17 U.S.C. § 503.

 4. That Defendants, at their own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendant's behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it, under 17 U.S.C. § 503.

 5. That Defendants be required to account for and pay to Plaintiffs the actual damages suffered by Plaintiffs as a result of the infringement, and any profits attributable to the infringement, and to pay such damages to Plaintiffs as

are just and proper within the provisions of the Copyright Act or, in the alternative, at Plaintiffs' election, statutory damages as set forth in in 17 U.S.C. § 504.

6. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law.

7. For an award of attorneys' fees pursuant to 17 U.S.C. § 505.

8. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law.

9. For such other and further relief as the Court deems just and proper.

Dated: July 5, 2024

/s/ Collin Vierra
Collin Vierra (Cal. SBN 322720)
Robert E. Dunn (Cal. SBN 275600)
Isaac Weitzhandler (Cal. SBN 342243)
EIMER STAHL LPP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Tel: (408) 889-1668
Fax: (312) 692-1718
cvierra@eimerstahl.com
rdunn@eimerstahl.com
iweitzhandler@eimerstahl.com

*Attorney for Plaintiffs*